

ORIGINAL
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 18 2010

Stephan Harris, Clerk
Cheyenne

IGNACIA S MORENO
Assistant Attorney General
ALAN D. GREENBERG (pro hac vice pending)
United States Department of Justice
Environmental Defense Section
999 18th Street
South Terrace, Suite 370
Denver , CO 80202
Tel: 303-844-1366
Fax: 303-844-1350

CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO
Assistant United States Attorney
2120 Capitol Avenue, Room 4002
Cheyenne, WY 82001
Tel: (307) 772-2124
Fax: (307) 772-2123
*Attorneys for Plaintiff United States of America*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID L. HAMILTON and<br>HAMILTON PROPERTIES, a<br>partnership,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. **10CV0231-**

## **COMPLAINT**

The United States of America, through its undersigned attorneys, by the authority of the

Attorney General, and at the request of the Administrator of the United States Environmental

Protection Agency, alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action commenced under section 309(b) and (d) of the Clean Water

Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against

David L. Hamilton and Hamilton Properties, a partnership, (collectively, "Defendants") for the

discharge of pollutants into waters of the United States in Washakie County, Wyoming, without

authorization by the United States Department of the Army, in violation of CWA section 301(a),

33 U.S.C. § 1311(a).

2.    In this action, the United States seeks (1) to enjoin the discharge of pollutants into

waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C.

§ 1311(a); (2) to require Defendants, at their own expense and at the direction of the

Environmental Protection Agency, to restore and/or mitigate the damages caused by their

unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C.

§ 1319(d).

2

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the District of Wyoming pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the Defendants reside in this District, the subject property is located in this District, and the causes of action alleged in this Complaint arose in this District.

5. Notice of the commencement of this action has been provided to the State of Wyoming pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7. Defendant David L. Hamilton is an individual residing in Worland, Wyoming.

8. Defendant Hamilton Properties is a Wyoming partnership consisting of David L. Hamilton and Charleen Hamilton with an address in Worland, Wyoming.

9. At all times relevant to the Complaint, the Defendants either owned or controlled the real property that is the subject of this Complaint and/or otherwise controlled the activities that occurred on such property.

3

## STATUTORY BACKGROUND

10. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, *inter alia*, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

11. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

12. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

13. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand and cellar dirt.

14. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

15. 33 C.F.R. § 328.3(a)(1), (2) and (4), and 40 C.F.R. § 232.2, define "waters of the United States" to include: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all interstate waters; and (iii) tributaries to such waters.

4

16.     CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

17.     CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual" and "partnership."

18.     CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

19.     CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a) or who violates any order issued by the Environmental Protection Agency under CWA section 309(a), 33 U.S.C. § 1319(a).

## GENERAL ALLEGATIONS

20.     Commencing in approximately 2005, at specific times best known by the Defendants, the Defendants and/or persons acting on their behalf discharged dredged or fill material into waters of the United States without a permit under CWA section 404, in order to route the waters of Slick Creek through a new, straight channel and increase cultivated farmland at a location approximately 3.75 miles upstream of the confluence of Slick Creek and the

5

Bighorn River near Worland in Washakie County, Wyoming (hereinafter referred to as the "Slick Creek Site").

21.    The dredged or fill material that the Defendants and/or persons acting on their behalf, caused to be discharged includes, among other things, dirt, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

22.    The Defendants and/or persons acting on their behalf used mechanized earth-moving equipment to accomplish the discharges.  This equipment constitutes a "point source" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

23.    The Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of this dredged or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

24.    The Defendants either owned or otherwise asserted control over the land on which each unauthorized discharge of dredged or fill material into waters of the United States occurred.

25.    The Defendants conducted, contracted for, supervised and/or otherwise controlled the unauthorized activities identified in Paragraph 20.

26.    The Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

6

27. Slick Creek at the Slick Creek Site is a relatively permanent, continuously flowing body of water forming a geographic feature that is described in ordinary parlance as a creek. Slick Creek flows into the Bighorn River.

28. · The Bighorn River is an interstate river and traditional navigable water, which flows north into Montana where it joins the Yellowstone River, another traditional navigable water.

29. Slick Creek constitutes a water of the United States and is a navigable water under CWA section 502(7), 33 U.S.C. § 1362(7).

30. Prior to Defendants' activities described in Paragraph 20 above, the Slick Creek Site contained wetlands. These wetlands possessed a continuous surface connection to Slick Creek. In the alternative, these wetlands were adjacent to Slick Creek and they, together with similarly situated lands in the region, significantly affect the chemical, physical and biological integrity of the Bighorn River.

31. The wetlands previously located at the Slick Creek Site and filled by Defendants were waters of the United States and navigable waters under CWA section 502(7), 33 U.S.C. § 1362(7).

32. The Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into waters of the United States at the Slick Creek Site.

7

33.     Each day that such material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

34.     Unless enjoined, the Defendants are likely to continue to discharge dredged or fill material into and/or to allow dredged or fill material to remain in the Slick Creek Site in violation of CWA section 301, 33 U.S.C. § 1311.

35.     On March 9, 2009, the U.S. Environmental Protection Agency issued its Findings of Violation and Administrative Order for Compliance to Defendant David L. Hamilton that required the removal of unauthorized dredged or fill material from the Slick Creek Site and restoration of the Slick Creek Site to its pre-impact conditions and grade ("Administrative Order").

36.     Defendant David L. Hamilton has not complied with the Administrative Order.

37.     The dredged or fill material discharged by the Defendants and/or people acting on their behalf remains at the Slick Creek Site.

### First Claim for Relief
### (Discharge Into Waters of the United States without a Section 404 Permit)

38.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 37.

39.     Commencing in approximately 2005, at specific times best known by the Defendants, the Defendants and/or persons acting on their behalf discharged dredged or fill material at the Slick Creek Site located in Washakie County, Wyoming.

40. Slick Creek and the wetlands previously located at the Slick Creek Site are each a "water of the United States" within the meaning of the Clean Water Act and the regulations promulgated thereunder.

41. The Defendants did not obtain a permit from the Secretary of the Army for the discharges of this dredged or fill material into waters of the United States as required by the Clean Water Act.

42. The Defendants' activities at the Slick Creek Site resulted in the unauthorized realignment of approximately 4,100 linear feet of Slick Creek and adverse impacts to at least 2.5 acres of wetlands.

## Second Claim for Relief
### (Violations of Administrative Order)

43. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 41.

44. On March 9, 2009, Region 8 of the U.S. Environmental Protection Agency issued the Administrative Order to the Defendant David L. Hamilton.

45. Defendant David L. Hamilton received the Administrative Order on March 13, 2009.

46. The Administrative Order specified certain actions that Defendant David L. Hamilton was required to complete in order to come into compliance with the Clean Water Act.

47. Defendant David L. Hamilton did not comply with the requirements of the Administrative Order.

9

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

That the Defendants be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the Clean Water Act;

That the Defendants be enjoined to undertake measures, at the Defendants' own expense and at the direction of the Environmental Protection Agency, to effect complete restoration of the Slick Creek Site;

That the Defendants be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a), and each day of violation of the Administrative Order;

That the United States be awarded costs and disbursements in this action; and

That this Court grant the United States such other relief as the Court may deem just and proper.

Respectfully submitted this 18th day of October, 2010.

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources
Division

ALAN D. GREENBERG (pro hac vice pending)
Environmental Defense Section
U.S. Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, Colorado 80202
Phone: (303) 844-1366
Fax: (303) 844-1350
E-mail: alan.greenberg@usdoj.gov

CHRISTOPHER A. CROFTS
UNITED STATES ATTORNEY
District of Wyoming

NICHOLAS VASSALLO
Assistant United States Attorney
2120 Capitol Avenue, Room 4002
Cheyenne, WY 82001
Tel: (307) 772-2124
Fax: (307) 772-2123
Attorneys for Plaintiff United States of America

OF COUNSEL:

Wendy Silver
United States Environmental Protection Agency
Region 8
1595 Wynkoop St.
Denver, CO 80202-1129

11