FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 MAR 5 AM 9 31

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 10-CV-231-ABJ |
| DAVID L. HAMILTON and HAMILTON PROPERTIES, | |
| Defendants. | |

### OPINION AND ORDER GRANTING THE UNITED STATES' MOTION TO BIFURCATE TRIAL BETWEEN LIABILITY AND REMEDY PHASES

The United States sued Defendants David Hamilton and Hamilton Properties, alleging Defendants had violated the Clean Water Act by dumping pollutants into a creek without a permit near Worland, Wyoming. The Government has now filed a motion under Federal Rule of Civil Procedure 42(b) asking this Court to bifurcate the trial into a liability phase and a remedy phase because, in Clean Water Act cases, a jury determines liability but the Court determines the appropriate remedy. The Government argues that the liability and remedy issues are sufficiently distinct to warrant bifurcation, and that bifurcation would serve the interests of convenience and economy and would avoid prejudice. The Court agrees and therefore **GRANTS** the Government's bifurcation motion.

## FACTS

The United States sued Defendants David Hamilton and Hamilton Properties, alleging Defendants had violated the Clean Water Act by discharging pollutants into waters of the United States without a permit near Worland, Wyoming. The Government wants an injunction ordering Defendants to stop discharging pollutants and to clean up the damage caused by their allegedly unlawful activities. It also wants the Court to impose a civil penalty against Defendants under 33 U.S.C. § 1319(d).

The Seventh Amendment to the United States Constitution guarantees Defendants the right to have a jury determine whether they violated the Clean Water Act, but this Court (not a jury) must determine the appropriate remedy for any Clean Water Act violations. *See Tull v. United States*, 481 U.S. 412, 427 (1987). Because the jury and the Court serve these different roles in Clean Water Act cases like this, the Government has filed a motion urging the Court to bifurcate the liability and remedy phases of the case under Federal Rule of Civil Procedure 42(b). Defendants oppose the Government's motion on the grounds that the liability and remedy issues are not sufficiently separable to warrant bifurcation and that bifurcation would be unfairly prejudicial to them.

## DISCUSSION

The first issue here is whether the liability and remedy issues are sufficiently distinct such that this Court *can* order bifurcation. The second issue is whether the Court *should* do so,

considering such factors as convenience, economy, and avoiding prejudice. After discussing these issues, the Court will briefly conclude.

I.      **Separability**

The Court starts with the separability issue because the Tenth Circuit has held that "bifurcation is improper if the issues are not separable." *Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993). Defendants argue that the liability and remedy issues are not sufficiently separable because some evidence will be relevant to both issues. The Court disagrees and concludes that the liability and remedy issues are sufficiently distinct such that bifurcation is permissible under Rule 42(b).

The liability and remedy issues are distinct because the evidence relevant to those issues is different. Regarding liability, the Government must prove that Defendants (1) discharged a pollutant (2) from a point source (3) into a water of the United States (4) without a permit. *See United States v. Hubenka*, 438 F.3d 1026, 1035 (10th Cir. 2006). Regarding remedy, however, the evidence will be quite different. On the Government's request for a civil penalty, the relevant evidence will be (1) the seriousness of Defendants' violations, (2) the economic benefit (if any) resulting from the violation, (3) any history of such violations, (4) any good-faith efforts to comply with the applicable requirements, (5) the economic impact of the penalty on Defendants, and (6) such other matters as justice may require. 33 U.S.C. § 1319(d). The Government's request for injunctive relief similarly will require evidence that has little relevance to Defendants' liability. *See United States v. Cundiff*, 555 F.3d 200, 216 (6th Cir. 2009). Thus,

because the evidence relevant to the liability issue is different from the evidence relevant to the remedy issue, the issues are sufficiently distinct to warrant bifurcation under Rule 42(b).

## II.     Convenience, Economy, Prejudice, and Experience

Having concluded that the Court *can* bifurcate the liability and remedy issues, the Court now addresses whether it *should*. For the following reasons, the Court answers that question in the affirmative.

Under Rule 42(b), a court can order a separate trial of one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). In addition to these factors, district courts should consider whether experience has demonstrated the value of bifurcation in cases like the one before the court. *See Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993). Here, all of these factors align in favor of bifurcation.

First, bifurcation would be more convenient for the jury. The Supreme Court has held that the Seventh Amendment guarantees the right to have a jury determine liability in Clean Water Act cases. *See Tull v. United States*, 481 U.S. 412, 427 (1987). But the Court also has held that "the trial court and not the jury" should determine the appropriate remedy in such cases. *Id.* Thus, because the jury will play no part in deciding the appropriate remedy in this case, the Court sees little sense in forcing it to sit through the remedy phase of trial. Bifurcation is more convenient because it will let the jury go home early, and it will prevent the jury from getting distracted or confused by evidence that's relevant solely to the remedy issue.

Second, bifurcation is economical. If the jury finds for Defendants on the liability issue, that will be the end of the matter, saving both the parties and the Court the time and energy of arguing and resolving the remedy issue. Defendants argue that "splitting the liability and remedy phases in this case . . . may well delay closure on these issues." Defs.' Resp. 2, ECF No. 63. Although it's true that bifurcation can create a time gap between the liability and remedy phases, here the Government has proposed that the remedy phase begin immediately after the jury's verdict. Gov't Mot. 8 n.3, ECF No. 55. The Court agrees with the Government's proposal; that should alleviate Defendants' concerns about delay.

Third, bifurcation would help avoid prejudice. For example, during the remedy phase, both sides likely will present evidence about the economic impact a civil penalty will have on Defendants. *See* 33 U.S.C. 1319(d). Defendants even suggest that a jury might find in their favor on liability based on the potential "costly" and "bankruptcy-inducing" penalties for violating the Clean Water Act. *See* Defs.' Resp. 5, ECF No. 63. But the potential penalties for a Clean Water Act violation are irrelevant to a jury's determination of whether such a violation occurred, and the Government's case for liability could be prejudiced if the jury heard evidence related to penalties. Defendants likewise could be prejudiced if, hypothetically, the Government presented a lengthy history of Defendants' Clean Water Act violations during the remedy phase. *See* 33 U.S.C. § 1319(d). In such a scenario, a jury might inappropriately assume that Defendants had violated the Clean Water Act in this case because they had violated it before. *See* Fed. R. Evid. 404(b) (generally prohibiting evidence of prior bad acts). Bifurcation will help avoid these potentials for prejudice.

Finally, experience has demonstrated that bifurcation is a valuable tool in Clean Water Act cases like this. *See, e.g., United States v. Adam Brothers Farming, Inc.*, No. 00-7409 CAS (RNBx) (C.D. Cal. Oct. 30, 2001) (bifurcating liability and remedy issues in Clean Water Act case); *United States v. Sargent Cnty. Water Res. Dist.*, 876 F. Supp. 1081, 1089–90 (D.N.D. 1992) (same); *United States v. Hobbs*, Civ. a. No. 89-327-N, 1990 WL 302174, at *3 n.1 (E.D. Va. Aug. 22, 1990) (same).

In short, bifurcating the liability and remedy issues would be convenient and economical, would help avoid prejudice, and has proven itself useful in Clean Water Act cases like this. For these reasons, the Court concludes that it should bifurcate the liability and remedy issues here.

## CONCLUSION

The Court concludes that the liability and remedy issues in this case are separate issues within the meaning of Federal Rule of Civil Procedure 42(b) such that the Court can order bifurcation of those issues. And the Court concludes that it should bifurcate the liability and remedy issues here based on considerations of convenience, economy, prejudice, and experience. The Court therefore **GRANTS** the United States' motion to bifurcate (ECF No. 57) and **ORDERS** that a jury will decide whether Defendants violated the Clean Water Act, but this Court will (if necessary) decide the appropriate remedy. If the jury finds that Defendants violated the Clean Water Act, the Court **ORDERS** that the remedy phase will begin immediately after the jury's verdict in order to prevent any delay in resolving this case. Nothing in this opinion and

order constitutes an evidentiary ruling. The Court will wait for the parties to present their motions in limine and objections at trial to make any such rulings.

Dated this 5th day of March, 2013.

Alan B. Johnson
United States District Judge