FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 JUL 31  PM 1 04

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID L. HAMILTON and HAMILTON PROPERTIES,<br><br>Defendants. | Case No. 10–CV–00231–ABJ |

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW

The dispute in this case arises from a channelization project in north-central Wyoming. The Government alleged that the project violated the Clean Water Act's permit requirements, and the defendant landowner argued that the project was exempt under the statute. Following a jury trial in which the jury found for the defendant landowner, the Government has moved for judgment as a matter of law arguing that there was insufficient evidence for the jury to find the defendant escaped the Clean Water Act's recapture provision, 33 U.S.C. § 1344(f)(2). For the following reasons, the Government's motion for judgment as a matter of law is **DENIED**.

## BACKGROUND

This Court has previously described the general background for this case in its previous order, *United States v. Hamiltion*, 952 F.Supp.2d 1271 (D.Wyo. 2013). Following that order, this case was bifurcated into liability and remedy phases. The liability phase of trial was tried before a jury starting on March 31, 2014. After nine days of evidence, the jury returned with a verdict in favor of Defendants David L. Hamilton and Hamilton Properties (collectively "Hamilton"). [*See* ECF No. 160].

The Clean Water Act generally prohibits a person from discharging dredged or fill material into waters of the United States. *See* 33 U.S.C. §§ 1311(a), 1362(6). However, a person does not need a permit for discharging dredged or fill material if that discharge falls within a statutory exemption under 33 U.S.C. § 1344(f)(1) and is not "recaptured" pursuant to 33 U.S.C. 1344(f)(2).

Hamilton claimed that their activities were exempt under the "normal farming and ranching activities" exemption, § 1344(f)(1)(A), and the "construction or maintenance of . . . irrigation ditches" exemption, § 1344(f)(1)(C). The jury found that Hamilton had established their discharge was exempt under both statutory exemptions, and it further found that Hamilton had established that their discharge was not "recaptured" under § 1344(f)(2)'s first prong. [ECF No. 160]. Because the jury found that Hamilton's discharge was not recaptured under 1344(f)(2)'s first prong, it did not proceed to answer whether "the flow or circulation of navigable waters" was impaired or its reach reduced. *Id.*

During trial, the Government moved for judgment as a matter of law arguing that Hamilton had not introduced sufficient evidence to escape the "recapture" provision of § 1344(f)(2). The Court denied that motion during trial, and the Government has renewed it via

the instant motion, ECF No. 173. The Government argues that Hamilton introduced insufficient evidence to establish that the purpose of filling an approximately half mile length of Slick Creek was not to bring "an area of the navigable waters into a use to which it was not previously subject." 33 U.S.C. § 1344(f)(2). It also argues that Hamilton did not introduce sufficient evidence to show that the reach of Slick Creek was not reduced. With some flourish and hyperbole, Hamilton argues that they did present sufficient evidence, through witnesses and documentary evidence, to confirm that their channelization "project was not done 'for the purpose of bringing an area of the navigable waters into a use to which it was not previously subject.'" [ECF No. 178 at 6].

## STANDARD OF REVIEW

"Judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Wilson v. Tulsa Junior Coll.*, 164 F.3d 534, 536 (10th Cir.1998) (internal quotation marks omitted). The Court does "not weigh the evidence, pass on the credibility of the witnesses, or substitute [its] conclusions for that of the jury. However, [it] must enter judgment as a matter of law in favor of the moving party if 'there is no legally sufficient evidentiary basis ... with respect to a claim or defense ... under the controlling law.'" *Harolds Stores, Inc. v. Dillard Dep't Stores*, 82 F.3d 1533, 1546–47 (10th Cir.1996) (citation omitted) (quoting Fed.R.Civ.P. 50(a)). In conducting this review, "[t]he evidence and inferences therefrom must be construed most favorably to the nonmoving party." *Wolfgang v. Mid–America Motorsports, Inc.*, 111 F.3d 1515, 1522 (10th Cir.1997).

## DISCUSSION

It is well established that the Clean Water Act's "recapture" provision has two prongs.

> [T]he discharge of dredge or fill materials into navigable waterways is "recaptured" and subject to the permitting requirement when two conditions are met: 1) the discharge is "incidental to any activity <u>having as its purpose</u> bringing an area of the navigable waters into a use to which it was not previously subject"; and 2) "the flow or circulation of navigable waters may be impaired or the reach of such waters be reduced" by the discharge.

*Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 954 (7th Cir. 2004) (emphasis added); *see also United States v. Brace*, 41 F.3d 117, 129 (3d Cir. 1994); *Borden Ranch P'ship v. United States Army Corps of Eng'rs*, 261 F.3d 810, 815 (9th Cir. 2001) *aff'd* 537 U.S. 99 (2002).

The Government relies on the recapture provision's first prong to argue that Hamilton did not introduce sufficient evidence to prove that Hamilton's purpose of filling an approximately half mile length of the Slick Creek channel was not to bring "an area of the navigable waters into a use to which it was not previously subject." Unfortunately for the Government, when the evidence is viewed in the light most favorable to Hamilton and all inferences are drawn in Hamliton's favor, the evidence was sufficient.

First, the Court must note that the evidence adduced at trial painted a much more nuanced picture than was presented at the motion for summary judgment stage when this Court wrote its previous order. *See* 952 F.Supp.2d 1271; *see also* ECF No. 170 at 22-23. The Government has used and continues to use "Slick Creek" in a unitary sense, but the trial evidence showed that two separate drainages feed into Slick Creek as it passes through Hamilton's property and there is a significant difference in those drainages above and below the influence of irrigation. First, Little Slick Creek and "Big" Slick Creek are two separate drainage features which join to form Slick Creek where it flowed across Hamilton's property. Above the influence of irrigation, Little Slick Creek and "Big" Slick Creek appear to be nothing more than dry washes or gullies that hold water only during intermittent precipitation events. Since Worland only receives an average of eight inches of precipitation a year, Little Slick Creek and "Big" Slick Creek above the influence

4

of irrigation would likely be nothing more than "ephemeral flows." *Rapanos v. United States*, 547 U.S. 715, 739 (2006) ("the phrase "the waters of the United States" . . . does not include channels through which water flows intermittently or ephemerally, or channels that periodically provide drainage for rainfall.").

Below the influence of irrigation, there seems to be little dispute in the evidence that Little Slick Creek and "Big" Slick are "relatively" permanent bodies of water, whether that water comes from the Highland Hanover Irrigation Canal, the Upper Hanover Irrigation Canal, farm drains, or other such irrigation facilities. Little Sleek Creek and "Big" Slick Creek join below Upper Hanover Irrigation Canal to form Slick Creek as it passes through the Hamilton property. This nuanced view of the sources of Slick Creek's water is important because it helps to better understand the jury's verdict in this case.

The jury specifically found that Hamilton's activities were exempt from Clean Water Act permitting requirements because those activities were for the "construction or maintenance of . . . irrigation ditches." [*See* ECF No. 160]. The U.S. Army Corps of Engineers' Regulatory Guidance Letter 07-02 ("RGL 07-02") defines what activities constitute "construction" and "maintenance" of an irrigation ditch, and it was the basis for the Court's instruction to the jury on the meaning of those terms. [ECF No. 68 at 2-9; *see* ECF No. 89 at 14; ECF No. 127 at 10; ECF No. 161 at 33-35]. RGL 07-02, and thus the jury instructions, specifically defines "construction" to include "ditch relocation." [ECF No. 68 at 5; *see* ECF No. 161 at 34].

When viewing the evidence in the light most favorable to Hamilton, there was sufficient evidence for the jury to find that Slick Creek was an irrigation ditch and that Hamilton's project was the relocation of that irrigation ditch. This is also consistent with Hamilton's theory of the case. [*See* ECF No. 173 at 12 ("Hamilton relocated a portion of Slick Creek"); ECF No. 170 at

22 ("If you are maintaining an irrigation ditch, which [Hamilton was], you can construct and maintain it, meaning you can move it, you can move its location, you can do all of those things according to the RGL. That is what has happened here.")].

Thus, the next inquiry is whether <u>the purpose</u> of Hamilton's project was to bring "an area of [Slick Creek] into a use to which it was not previously subject." After nine days of trial, reviewing the submissions and transcripts, and viewing that evidence in the light most favorable to Hamilton, the evidence was sufficient to prove that the purposes of Hamilton's project on Slick Creek was to channelize Slick Creek, stabilize its banks, and to prevent soil erosion. The length of Slick Creek's channel as its passes through Hamilton's property was shortened, but, as the Government has recognized, "the channel moves." [ECF No. 170 at 9]. In fact, the evidence showed that Slick Creek's channel moved on a regular basis from 1949 until 2001. [*See* Government Exhibit 78]. The areas immediately adjacent to Slick Creek have been farmed or used as pasture, and the use and area used moved as the channel moved. [*See e.g.*, ECF No. 166 at 26-34 ("This area . . . was constantly irrigated. . . . It was in corn; it was in beans; it was in beets; it was in pasture.")]. Thus, the areas immediately adjacent to Slick Creek were used for agriculture before and after Hamilton's project.

Because the evidence was sufficient to establish Hamilton escaped the first prong of the Clean Water Act's recapture provision, the Government's Renewed Motion for Judgment as a Matter of Law is **DENIED**.

## CONCLUSION

This case proceeded to trial before a jury, and the jury found that Defendants David L. Hamilton and Hamilton Properties had proved that their activities were exempt from the Clean Water Act and escaped the Clean Water Act's "recapture" provision. During trial, the

Government moved for judgment as a matter of law arguing that Hamilton had not introduced sufficient evidence to escape the "recapture" provision; however, the jury found otherwise. The Government has renewed its motion for judgment as a matter of law, and the Court concludes that there was sufficient evidence for the jury to determine that Hamilton's project escaped the recapture provision. The Government's motion, ECF No. 173, is, therefore, **DENIED**.

Dated this 31st day of July, 2014.

_____
Alan B. Johnson
United States District Judge